IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KILEY CLAY-EL, Inmate #R00217,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-718-DRH |
| | ) |
| **ROGER E. WALKER, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

      This action comes before the Court upon review of the file. On October 7, 2005, the Court ordered Plaintiff to submit a prison trust fund account statement so that the Court could evaluate Plaintiff's request to proceed *in forma pauperis* in the action (Doc. 6). Plaintiff responded on October 18, 2005, stating that "it may take a while" to send his account statement because prison staff was making it difficult for him to obtain his personal property. He also stated that he had requested another copy of the statement from a counselor (Doc. 7). To date, the Court has not received a copy of Plaintiff's account statement, nor has the Court received any indication as to whether such a statement is forthcoming.

      **IT IS HEREBY ORDERED** that Plaintiff shall submit, within **THIRTY (30) DAYS** of the date of the entry of this order, a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to

forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

    **IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

    **IT IS SO ORDERED.**

    **DATED:  April 3, 2006**

    /s/   David   RHerndon
    **DISTRICT JUDGE**