IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KILEY CLAY-EL, Inmate #R00217,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-718-DRH** |
| ) | |
| **ROGER E. WALKER, JR.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status and has paid the initial partial filing fee as ordered.

Plaintiff originally filed his complaint in the Northern District of Illinois. The action was transferred to this district pursuant to 28 U.S.C. § 1406(a), and the complaint was filed here on October 3, 2005. On April 10, 2006, Plaintiff filed a document entitled "Motion of Avernment" (Doc. 9), in which he makes a number of claims regarding his Moorish heritage and seeks that Moorish American Nationals be declared independence and to be recognized by the "supreme laws of the U.S. and all other free national governments." On April 26, 2006, Plaintiff filed a document entitled "Statement of Claim" (Doc. 11), in which he makes a number of additional constitutional claims regarding his treatment and the conditions at Menard. On May 19, 2006, Plaintiff filed a "Motion of Avernment and Statement of Claims" (Doc. 13), in which he names a number of additional abuses against him by staff at Menard. On July 31, 2006, Plaintiff filed another document entitled "Motion of Avernment and Statement of Claims" (Doc. 14), in which Plaintiff also attempts

to add additional claims. On September 11, 2006, Plaintiff filed another "Motion of Avernment and Statement of Claims" (Doc. 15), in which Plaintiff again asserts the tenets of his religious faith and requests recognition for Moorish American Nationals. He also includes additional constitutional claims. Most recently, on October 2, 2006, Plaintiff filed an "Amended Statement of Claims" (Doc. 16). This documents does not include any constitutional claims, but only a request for legal recognition for Moorish American Nationals. The Court construes each of these documents as an attempt to amend the original complaint.

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc*., 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served.

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995).

> Amended pleadings and supplemental pleadings shall contain all allegations which a party intends to pursue. All new material in the amended pleadings shall be underlined. The original of the amended pleading shall be attached to the motion to amend the pleading so that it may be filed if the motion to amend is granted.

Local Rule 15.1; *see* FED.R.CIV.P. 15.

None of the documents filed by Plaintiff conforms to the local rule. The Court will not allow the Plaintiff to add to his complaint piecemeal. Accordingly, all the above-noted documents filed in this case (Docs. 9, 11, 13, 14, 15, and 16) are **STRICKEN** from the action.

Plaintiff is granted **thirty (30) days** to file one, single amended complaint in compliance with the local rule. He must file a motion for leave to amend and include with that motion an amended complaint that contains *all claims against all defendants*. Plaintiff is **ADVISED**, that even though pro se complaints are liberally construed by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520-21

(1972), Fed. R. Civ. P. 8 requires that a plaintiff plead enough facts to put defendants on notice of the claims against them so that defendants can properly answer the complaint. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Rule 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Plaintiff is **FURTHER ADVISED** that he must state in the complaint specifically how each defendant deprived him of a constitutional right. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff is also reminded that "the doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The Clerk is **DIRECTED** to forward to Plaintiff, with a copy of this order, copies of the Court's form complaint to assist Plaintiff in preparing his amended complaint.

**IT IS SO ORDERED.**

**DATED:** October 3, 2006.

/s/  David  RHerndon
**DISTRICT JUDGE**