IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KILEY CLAY-EL, Inmate #R00217,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-718-DRH** |
| ) | |
| **ROGER E. WALKER, JR.,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action comes before the Court on Plaintiff's Motion for Summary Judgment for Immediate Relief of Complainant's Amended/Statement of Claims (Doc. 19). On October 3, 2006, the Court entered an order striking documents 9, 11, 13, 14, 15, and 16, (all construed as attempts to amend the complaint) for failure to comply with the local rules. The Court expressly granted Plaintiff 30 days leave to file one comprehensive amended complaint that included all of Plaintiff's claims against all defendants. The clerk also forwarded to Plaintiff copies of the Court's form section 1983 complaint to comply with the Court's order. To date, Plaintiff has not filed an amended complaint in the action. Instead, on November 6, 2006, Plaintiff filed the instant motion for summary judgment. This motion (Doc. 19) is **DENIED.** Because Plaintiff's amended statement of claims (Doc. 16) was stricken from the action, there exists no amended statement of claims upon which the Court might rule.

Plaintiff is granted an additional 30 days leave to file one single amended complaint. As stated in the October 3 order, Plaintiff must file a motion for leave to amend and include with that

motion an amended complaint that contains ***all claims against all defendants***.  Plaintiff is **ADVISED**, that even though pro se complaints are liberally construed by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Fed. R. Civ. P. 8 requires that a plaintiff plead enough facts to put defendants on notice of the claims against them so that defendants can properly answer the complaint.  *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Rule 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Plaintiff is **FURTHER ADVISED** that he must state in the complaint specifically how each defendant deprived him of a constitutional right.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Plaintiff is also reminded that "the doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting   Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  The Clerk is **DIRECTED** to forward to Plaintiff, with a copy of this order, copies of the Court's form complaint to assist Plaintiff in preparing his amended complaint.

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, **that is on December 13, 2006**, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court.  No extensions of time will be granted. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**DATED:  November 13, 2006**


　　　　　　　　　　　　　　　　　　　　　　　　/s/    David   RHerndon
　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**