**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KILEY CLAY-EL, Inmate #R00217,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **CIVIL NO. 05-718-DRH** |
| **GOVERNOR ROD R. BLAGOJEVICH,** ) | |
| **MAYOR RICHARD DALEY,** ) | |
| **ATTORNEY GENERAL LISA** ) | |
| **MADIGAN, and ROGER E. WALKER,** ) | |
| **JR.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

### PROCEDURAL BACKGROUND

Plaintiff originally filed his complaint in the Northern District of Illinois. The action was transferred to this district pursuant to 28 U.S.C. § 1406(a), and the complaint was filed in this district on October 3, 2005. Plaintiff's original complaint contained essentially one claim regarding a disciplinary action taken against him. Beginning in April 2006, Plaintiff filed a series of documents

that the Court construed as attempts to amend the complaint.[1] In these documents Plaintiff variously declared his citizenship as a "Moorish American National," sought legal recognition from the United States for all Moorish Americans, detailed the tenets of his religious faith, sought reparations for Moorish Americans enslaved without compensation for over 400 years, sought release from prison, and alleged additional constitutional violations regarding his religious exercise and diet, reading of his mail, inhumane conditions in segregation, his security classification, denial of access to the law library, retaliation by staff, lack of medical care, and placement in a cell with known predators.

On October 3, 2006, the Court entered an order striking each of these attempts to amend the complaint for failure to comply with the federal and local rules governing amendment. The Court granted Plaintiff 30-days leave to file an amended complaint and specified in detail exactly what information Plaintiff needed to include in his amended complaint, including instructions that the amended complaint must contain all claims that Plaintiff wished to pursue against all defendants that could be held liable, and that he must state specifically how each defendant was personally responsible for depriving him of a constitutional right. At the end of that 30-day period, Plaintiff did not file an amended complaint, but instead filed a motion for summary judgment "for immediate relief of complainant's amended statement of claims" (Doc. 19). The Court denied this motion because the amended statement of claims to which Plaintiff referred had been stricken from the action (Doc. 20). The Court again specifically granted Plaintiff 30-days leave to file one comprehensive amended complaint and again informed Plaintiff that his amended complaint must include all claims against all defendants with specific statements as to how each defendant was

---

[1] See the Court's order entered October 3, 2006, (Doc. 17) for a description of each document.

personally responsible for depriving him of a constitutional right. Plaintiff filed his amended complaint on November 14, 2006 (Doc. 21).

## THRESHOLD REVIEW

This case is now before the Court for a preliminary review of the amended complaint (Doc. 21) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

The Court quotes Plaintiff's statement of claims in the amended complaint in its entirety. Under the section of the complaint entitled "Request for Relief," Plaintiff states:

> To be Awarded/Compensated $100 Million Dollars; and with Punitive, EXEMPLARY, and NOMINAL DAMAGES too for Each day of MENTAL/EMOTIONAL ABUSES imprisoned in an institutional Genocidal Catastrophe (Involuntary Servitude), being VICTIMIZED with SEXUAL ASSAULTS, ASSAULTS, ROBBERIES, EXPLOITATIONS, EXTORTION, STAFF ABUSES, RELIGIOUS VEGAN DIET DISCRIMINATIONS, MEDICAL/MENTAL HEALTHCARE NEGLIGENCES, INEFFECTIVE GRIEVANCE PROCEDURES, LACK OF IMPARTIALITY by ADJUSTMENT COMMITTEES, FALSELY SEGREGATED, TAMPERING/DESTROYING/ WITHHOLDING of MAIL, HOMOSEXUAL MISCONDUCTS/RETALIATION MEASURES/INMATE ACCOMPLICES, DENATIONALIZATION AND

>BRAINWASHING MEASURES, MALICIOUS ADMINISTRATION STAFF'S GROSS NEGLIGENT/Unlawful Improper Protective Custody Placing/Classifying, in disregards of my Vulnerable Non-Smoking Classification, thereby Allowing me to be VICTIMIZED with the 24 hr a day inhalation of Second/hand Smoke while in the CELL with an INMATE! (MEDICAL FILES).

The complaint, filed on pages 1 and 6 only of the Court's form, contains no other factual statements.

Based on this statement of claims, Plaintiff's amended complaint does not survive review under 28 U.S.C. § 1915A.  Plaintiff has not named a single defendant responsible for any of these potential constitutional violations and he has not linked any of the named defendants to any of the claims.  The reason that Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Plaintiff was given ample opportunity to amend his complaint and was specifically informed in two separate orders of the details that would be required of him to state constitutional claims pursuant to 42 U.S.C. § 1983.  Yet despite these specific instructions, Plaintiff has failed to state claims against any of the named defendants.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:  November 27, 2006**

                                                /s/     David   RHerndon
                                            **DISTRICT JUDGE**